**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JOHN THOMAS DAVIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : 1 : 11-CV-133 (WLS) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |
| | : |

**RECOMMENDATION**

Plaintiff, who is proceeding herein *pro se*, filed this Social Security appeal on September 29, 2011, challenging the Commissioner=s final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.  20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working.  In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits on December 23, 2009. (Tr. 25-26).  His claims were denied initially and upon reconsideration.  (Tr. 29-33, 39-46).  A hearing before an Administrative Law Judge ("ALJ") was requested by Plaintiff; however, on September 1, 2010, Plaintiff waived his right to appear and testify at the hearing.  (Tr. 47, 49).  Thereafter, in a hearing decision dated January 28, 2011, the ALJ

determined that Plaintiff was not disabled.  (Tr. 12-20).   The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.   (Tr. 2-5).

*Statement of Facts and Evidence*

The Plaintiff was sixty (60) years of age on the date of the ALJ's hearing decision, and alleged disability since December 2, 2004, due to a lower back disc that has moved, arthritis, fractured pelvis and broken tailbone, no vision in his left eye, "left knee", high blood pressure, and ulcers. (Tr. 20, 61, 86, 91).   Plaintiff completed the twelfth grade, and has past relevant work experience as a construction worker and a landscape worker. (Tr. 20, 92).

As determined by the ALJ, Plaintiff suffers from the following severe impairments: "degenerative changes, lumbar spine and left knee; hypertension; and, history of coccyx injury". (Tr. 14).   The ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and he remained capable of performing work as follows:

> [T]he claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant has the ability to sit, stand or walk 6 hours in an 8-hour workday; frequently lift and carry 25 pounds; and, occasionally lift and carry 50 pounds.

(Tr. 16).   The ALJ also determined that Plaintiff could perform his past relevant work, and was thus not disabled.   (Tr. 20).

## DISCUSSION

In his brief challenging the Commissioner's decision, Plaintiff appears to allege that the ALJ and Appeals Council did not properly consider Plaintiff's Post Traumatic Stress Disorder ("PTSD") in combination with his other impairments. (Doc. 13-1).

"Where a claimant has alleged several impairments, the [Commissioner] has a duty to consider the impairments in combination and to determine whether the combined impairments render the

3

claimant disabled." *Jones v. Dep't. of Health and Human Serv.*, 941 F.2d 1529, 1533 (11th Cir. 1991).  The ALJ can satisfy his duty to consider all of the impairments in combination by "stating that he considered whether the claimant suffered from any impairment or combination of impairments." *Id.*; *see also Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (finding that the ALJ's decision stating that the plaintiff did not have an impairment or combination of impairments that met a listed impairment constituted evidence that the ALJ considered the plaintiff's impairments); *Warren v. Astrue*, 2010 WL 3294186,*6 (N.D. Ga. July 14, 2010) ("the Eleventh Circuit has also held that the statement by the ALJ that she considered the impairments in combination is sufficient to show that the ALJ considered the combined effect of [the plaintiff's] impairments"); *Fashaw v. Astrue*, 2011 WL 1237578, *9 (M.D. Fla. Feb. 15, 2011) ("The Eleventh Circuit has made clear that an ALJ's statements and findings may show a plaintiff's impairments have been considered in combination").

Herein, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1[.]"  (Tr. 16).  "In making this finding, [the ALJ] considered each of the claimant's impairments individually and in combination with all medically determinable impairments discussed[.]" (Tr. 16).  The ALJ stated that she determined Plaintiff's RFC "[a]fter careful consideration of the entire record," and when determining the RFC, the ALJ "considered all symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence[.]" (Tr. 16).

Moreover, the ALJ discussed and reviewed Plaintiff's impairments, both in determining the severity of Plaintiff's impairments and Plaintiff's residual functional capacity.  (Tr. 14-20).  In doing so, the ALJ outlined Plaintiff's medical history and determined that Plaintiff's impairments, singly or

4

in combination, did not preclude Plaintiff from a full range of medium work. Accordingly, there is no indication that the ALJ erred in her consideration of Plaintiff's PTSD.

Plaintiff also appears to allege that the Appeals Council erred by failing to review the ALJ's decision after receiving "new and material evidence supporting a treatment and diagnose (sic)" of PTSD. (Doc. 13). In *Ingram v. Comm'r. of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit discussed the review of new evidence submitted to the Appeals Council, and found that "a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)." *Id.* at 1265 (*citing Keeton v. Dep't. of Health & Human Services*, 21 F.3d 1064 (11th Cir. 1994)).

The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). The new evidence must relate to the period on or before the ALJ's hearing decision. *Id.* Herein, the Appeals Council stated that it considered the additional evidence supplied by Plaintiff, and found that the information did not provide a basis for changing the ALJ's decision. (Tr. 2-3).

The new evidence submitted by Plaintiff states that Plaintiff has been treated for PTSD, and Plaintiff suffers from nightmares, flash-backs, and memories of combat, he is hyper-vigilant, and has problems sleeping. (Doc. 13-1; Tr. 320). A diagnosis alone is insufficient to support a finding of disability, but must be accompanied by evidence of functional limitation. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D.Ala. 2002). The letter documenting Plaintiff's treatment and symptoms of PTSD does not provide a specific diagnosis of PTSD, nor does it provide

any functional limitations that would preclude Plaintiff from engaging in medium work. Furthermore, Plaintiff alleges that these conditions were present prior to the ALJ's decision, and it appears this letter was included with the record reviewed by the ALJ. (Doc. 13-1; Tr. 59-60). As such, the record included evidence of these conditions when the ALJ determined the limitations contained in the RFC. The letter merely provides information that Plaintiff may be suffering from PTSD, and does not provide functional limitations which the ALJ failed to include in Plaintiff's RFC.

The Appeals Council considered the new evidence, but determined that there was no basis to change the ALJ's decision. There is no evidence to show the Appeals Council erred in its decision.

## CONCLUSION

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED** this 23rd day of August, 2012.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

llf